[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON LEVY DRONEY AND VITALE'S MOTION FOR SUMMARY JUDGMENT #8 (CLAIM OF PLAINTIFFS DUDROW AND ROSH)
In this motion, Levy Droney, P.C. ("Levy") and Joseph Vitale move for summary judgment on the claims made by vanguard plaintiffs Ruth Dudrow and Sylvia Rosh that are set forth in Counts 17 and 48 of the Amended Revised Complaint. Dudrow alleges that she entered into a residence agreement with East Hill Woods on June 14, 19991 (Revised Amended Complaint, para. 14). Rosh alleges that she entered into such an agreement on May 21, 1991 (Revised Amended Complaint, para. 142).
Standard of review and procedural history
The court adopts the statement of the standard of review and the explanation of the procedural history of the case set forth in its ruling on Levy's and Vitale's Motion for Summary Judgment #1.
Count 17 (Aiding and abetting violation of the Continuing CareAct)
In the ruling on the same movants' Motion for Summary Judgment #2, this court granted summary judgment on this count on the ground of expiration of the limitation period for bringing the claim as to Levy and as to Vitale in his capacity as legal counsel. The present motion against them is therefore moot.
This court denied Motion for Summary Judgment #2 regarding the claims against Vitale in his capacity as officer and trustee of East Hill Woods. In this motion, he asserts that he did not substantially assist East Hill Woods in entering into contracts with Dudrow and Rosh without complying with the Continuing Care Act. The movant asserts that these plaintiffs will not be able to prove that he assisted. The burden of showing what the facts are, however, is on the party who moves for summary judgment. He has filed no affidavit or other submission stating what acts he performed, but merely argues to the effect that Dudrow and Rosh did not have personal knowledge at their depositions concerning his involvement.
Defendant Vitale has not met the standard for summary judgment with regard to the claims of plaintiffs Dudrow and Rosh against him in his capacity as an officer and trustee of East Hill Woods.
Count 48 (Breach of fiduciary duty)
CT Page 12911
In ruling on the movants' Motion for Summary Judgment #1, this court granted summary judgment on these plaintiffs' claims in Count 48 as to Levy and as to Vitale in his capacity as legal counsel, but not in his capacity as an officer and trustee. The present motion addressed to these plaintiffs' claims in Count 48 is therefore moot as to the claims against the movants in their legal counselor capacity.
Vitale has not briefed the issue of the extent of duties of an officer and trustee of a continuing care provider toward those who become residents, nor has he demonstrated what the facts are and an absence of a genuine dispute as to the material facts concerning his activities in those capacities. The motion is denied with regard to Vitale in his capacity as officer and trustee.
Conclusion
Summary judgment has previously been granted on the claims of Ruth Dudrow and Sylvia Rosh against Levy and against Vitale as legal counsel in Counts 17 and 48. The present motion addressed to those counts is denied as to the plaintiff's claims against Vitale as an officer and trustee.
Beverly J. Hodgson Judge of the Superior Court